Court, Killeen, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 3.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 4.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of DAVID B., a Person Alleged to be in Need of Supervision. (Appeal No. 5.)—Order unanimously reversed on the law without costs and petition dismissed. Same memorandum as in *Matter of David B.* ([appeal No. 1] 167 AD2d 885 [decided herewith]). (Appeal from order of Erie County Family Court, O'Donnell, J.—PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of FRANK TADDEO, Individually, and as a Principal of ABLE MEDICAL TRANSPORTATION, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AUDIT AND QUALITY CONTROL, Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination that petitioner overbilled for transportation services provided to Medicaid recipients is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Petitioner billed based upon what he considered were the most practical and efficient routes. The regulations, however, provide that "the cost of common carrier transportation shall not exceed the local prevailing rate *by the most direct routes"* (18 NYCRR 505.10 [c] [1]; emphasis added). This State-wide regulation was in effect during the entire audit period and provides a uniform standard rationally related to the State's obligation to protect the quality and value of services by providers in the Medicaid program *(see, Matter of Medicon*